JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AETNA CASUALTY & SURETY COMPANY n/k/a TRAVELERS CASUALTY & SURETY COMPANY a/k/a ST. PAUL TRAVELERS, a Connecticut Corporation, LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation,<br><br>Defendants. | CASE NO. 2:17-cv-05247-JFW-JEMx<br><br>**FINAL JUDGMENT** |

This lawsuit was filed by Arrow Electronics, Inc. ("Arrow") against its insurers, Liberty Mutual Insurance Company ("Liberty Mutual") and Travelers Casualty & Surety Company ("Travelers"). Arrow's operative First Amended Complaint (Docket No. 117) asserts claims for breach of contract and declaratory judgment in connection with costs Arrow has incurred and is incurring to

investigate and remediate an industrial site in Huntsville, Alabama ("Huntsville Site").

On May 22, 2018, this Court entered judgment in favor of Liberty Mutual and Travelers and awarded costs. (Docket No. 142.) This decision was reversed by the Ninth Circuit, which remanded for further proceedings, with costs on appeal awarded to Arrow. (Docket No. 154.)

On May 8, 2020, the Court ruled on the parties' renewed motions for summary judgment, finding in favor of Arrow regarding the remaining defenses to coverage raised by the insurers. (Docket No. 218.) This ruling established, as a matter of law, that Arrow is entitled to coverage from Liberty Mutual and Travelers under each of the disputed policies with respect to investigation and remediation costs Arrow incurred and to be incurred at the Huntsville Site. A remaining issue was how Arrow's costs would be allocated among the various applicable policies and any periods during which Arrow lacked insurance.

Arrow subsequently settled with Travelers. (Docket No. 232.) Liberty Mutual and Arrow entered into several stipulations narrowing the disputes between them. (Docket Nos. 250-4, 250-5, 250-6.) These parties then filed motions on the remaining issue in dispute in the case – allocation of amounts incurred for remediation. (Docket Nos. 249, 250.)

On March 18, 2021, the Court ruled on additional motions the Court permitted the parties to file with respect to allocation of remediation costs. The Court held that allocation would be governed by the *pro rata* approach without application of the "unavailability rule." (Docket No. 268.) Therefore, all relevant issues relating to liability have been decided by this Court.

As such, in accordance with this Court's rulings and the parties' stipulations (Docket Nos. 218, 268, 250-4, 250-5, 250-6), final judgment is hereby entered in favor of Arrow and against Liberty Mutual with respect to the claims for breach of

1 contract and declaratory judgment asserted in Arrow's First Amended Complaint
2 (Docket No. 117).  The Court found Arrow's investigation and remediation costs
3 in connection with the Huntsville Site—both amounts incurred in the past, and
4 those to be incurred the future—are within the coverage of the Liberty Mutual
5 insurance policies at issue in this lawsuit, and that Liberty Mutual must pay its
6 allocated share of defense and indemnity costs, subject to principles of *pro rata*
7 allocation by time on the risk (without application of the "unavailability rule").

8       Therefore, Arrow is awarded damages from Liberty Mutual for breach of
9 contract as follows.  Pursuant to the Further Stipulation of Uncontested Issues
10 dated September 25, 2020, the parties agreed that Arrow's defense costs are
11 $3,528,978 (Docket No. 250-5 at ¶2).  Pursuant to the Parties' Further Stipulation
12 of Uncontested Issues dated September 25, 2020, the parties agreed that past
13 amounts incurred were reasonable and necessary (Docket No. 250-5 at ¶1).  The
14 parties also agreed that defense costs would be allocated over the primary insurers
15 from 1964 to 1985 on a time-on-the-risk basis (Docket No. 250-5 at ¶ 5).  The
16 parties agree that primary insurance ran from February 1, 1964 to January 1, 1986
17 (263 months).  During that period, Liberty Mutual issued primary insurance to
18 Arrow from November 1, 1972 to January 1, 1986, which is 158 months.
19 Therefore, Liberty Mutual is responsible for and Arrow is hereby awarded
20 158/263 of Arrow's stipulated past defense costs, which equals $2,120,070.43
21 (which amount Liberty Mutual has paid).

22       Pursuant to the Further Stipulation of Uncontested Issues dated September
23 25, 2020 (Docket No. 250-5), Arrow's past indemnity costs are $2,087,545.69.  In
24 the Third Stipulation Re Uncontested Issues dated February 15, 2021, the parties
25 stipulated that, if the "unavailability" rule did not apply, under principles of *pro*
26 *rata* allocation, the damages would be allocated across the period from February
27 1, 1964 to November 5, 1999, which is 429 months (Docket No. 250-6 at ¶ 9).

28

JUDGMENT
3

This Court ruled the "unavailability" rule does not apply (Docket No. 268).  Thus, Arrow's past indemnity costs shall be allocated across the period from February 1, 1964 to November 5, 1999, which is 429 months.  Liberty Mutual issued primary insurance to Arrow for 158 of those months.  Therefore, Liberty Mutual is responsible for and Arrow is hereby awarded 158/429 of Arrow's stipulated past indemnity costs, which equals $768,839.06 (which amount has been paid by Liberty Mutual).

On those past due amounts, under Alabama law, Arrow is entitled to prejudgment interest at a rate of 6% annually.  For Arrow's past defense and indemnity costs, the parties have agreed that Arrow shall recover prejudgment interest in the total amount of $1,500,000.

With respect to Arrow's declaratory relief claim corresponding to its future indemnity costs, based on the Court's prior rulings,[1] Arrow will submit indemnity costs to Liberty Mutual and Liberty Mutual will pay its share subject to erosion of the limits of the Liberty Mutual policies, as will be set forth in an agreement to be entered into by the parties.

Arrow is the prevailing party and is entitled to recover costs under Fed. R. Civ. P. 54(d), which the parties have agreed is the amount of $7,000.

IT IS SO ORDERED, ADJUDGED AND DECREED that final judgment is entered in favor of Plaintiff Arrow and against Defendant Liberty Mutual as set forth above.  The Clerk is directed to enter final judgment as set forth above and to close this case.

Date:   November 24, 2021

Hon. John F. Walter
United States District Judge

---

[1] In accordance with the parties' Stipulation, Arrow's "future" indemnity costs—*i.e.*, those that will not be reduced to a sum certain as part of this Judgment—are indemnity costs billed to Arrow after August 30, 2020.